IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TAMMY SUE YOUNKINS                                                                PLAINTIFF

V.                                              NO. 12-5043

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tammy Sue Younkins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on March 9, 2009, alleging an inability to work since November 1, 2005, due to " Problems with legs."[2] (Tr. 116-122, 161, 166). Plaintiff met the insured requirement through December 31, 2008. (Tr. 13, 161). An

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2] In the Undated Disability Report - Adult, when asked what the illnesses, injuries, or conditions were that limited her ability to work, Plaintiff responded "Problems with legs." (Tr. 166). However, when asked how her conditions limited her ability to work, she responded: "My arm, head & neck and my back hurt all the time. My back and arms burn all the time. My legs hurt on the inside and they burn. I have sleep apnea. I have panic attacks really bad and I have a hypoactive thyroid." (Tr. 166).

AO72A
(Rev. 8/82)

administrative hearing was held on August 3, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 26-48).

By written decision dated November 2, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - hypothyroidism, asthma, obesity, and anxiety. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. Further, she can only perform work where interpersonal contact is incidental to the work performed; where the complexity of tasks is learned and performed by rote, with few variables and little judgment required; and where supervision required is simple, direct and concrete.

(Tr. 15). With the help of a vocational expert (VE), the ALJ determined Plaintiff was unable to perform past relevant work, but was capable of performing other jobs, such as assembler and driver. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on January 31, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments

AO72A
(Rev. 8/82)

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for

at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

For DIB purposes, the relevant time period is November 1, 2005, the date Plaintiff alleged her disability began, through December 31, 2008, the date she was last insured. For SSI purposes, the relevant time period is March 9, 2009, the date Plaintiff protectively filed her application, through the date of the ALJ's decision, November 2, 2010.

The only 2008 medical record contained in the file is dated May 29, 2008, from Louisiana State University Health Sciences Center. (Tr. 242). At that time, it was reported that Plaintiff complained of weakness and had not been taking her thyroid replacement medicine for three months. (Tr. 242). At that time, Plaintiff was taking Synthroid, Elavil and HCTZ. (Tr. 242).

It is clear that Plaintiff suffered from hypothyroidism prior to December 31, 2008. However, since there is an absence of medical records indicating Plaintiff had further issues in

AO72A
(Rev. 8/82)

2008 with her hypothyroidism, and the next medical record in the transcript is dated March 10, 2009, there is nothing in the record to indicate that Plaintiff's hypothroidism was not controlled by medication prior to December 31, 2008. Nor is there anything in the records to indicate that Plaintiff suffered from any other disabling condition prior to December 31, 2008. Accordingly, the Court finds there is substantial evidence to support the ALJ's finding that Plaintiff was not disabled during the relevant time frame for DIB purposes.

However, with respect to Plaintiff's request for SSI, what concerns the Court is the fact that Plaintiff's most recent treating physician, Dr. John D. Gaston, of Simply Family Medicine, reported on July 7, 2010, that he called Plaintiff that evening after receiving lab results, due to Plaintiff's TSH (thyroid stimulating hormone) being extremely high, after he advised her to stop taking Levothyroxine, 250 mg. Dr. Gaston reported that "[o]bviously she has severe hypothyroidism - way beyond what I typically manage at Simply Family Medicine." (Tr. 289). In fact, he reported that he had never seen a "TSH value this high that I can remember." (Tr. 289). He concluded that Plaintiff's thyroid problems "should be managed by an endocrinologist." (Tr. 289). Dr. Gaston told Plaintiff that he would be willing to call in the 200 mg. dosage of Levothroxine for 2 months, and that she should follow up in six to seven weeks to recheck her TSH. Dr. Gaston noted that Plaintiff stated she was swollen up, her thyroid gland was swollen, and that he told her that if her airway was being compromised that she should go to the ER, although apparently the swelling was not that severe at that time. (Tr. 289). He reported that he would wait until he received the results back to refill her prescription, in case another change needed to be made to her dosage, and that he could also do the referral to endocrinology then. (Tr. 289).

At the hearing held on August 3, 2010, Plaintiff testified that Dr. Gaston wanted her to see an endocrinologist, "which they haven't set up yet,..." (Tr. 33). There are no further medical records in the file subsequent thereto.

The Court believes that questions remain as to the severity of Plaintiff's hypothyroidism and the affect it had on Plaintiff's ability to function in the workplace from March 9, 2009, through November 2, 2010. The Court believes the ALJ should have Plaintiff examined and evaluated by an endocrinologist and have said physician complete a Physical RFC Assessment for the relevant time period, or, at the very least, obtain a Physical RFC Assessment from Plaintiff's treating physician, Dr. Gaston, for the relevant time period. Once received, the ALJ should then re-evaluate Plaintiff's RFC for purposes of Plaintiff's request for SSI.

**IV.	Conclusion:**

Accordingly, it is hereby ordered that the decision of the Commissioner is **affirmed with respect to Plaintiff's application for DIB benefits**, and **reversed and remanded with respect to Plaintiff's application for SSI benefits, pursuant to sentence four of 42 U.S.C. § 405(g).**

IT IS SO ORDERED this 6th day of March, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)